```
March 18, 2008    TG
08cv1578
Judge SHADUR
Magistrate Judge SCHENKIER
```

# EXHIBIT 1



# Notice of Service of Process

**SXY / ALL**
**Transmittal Number: 5605999**
**Date Processed: 02/18/2008**

| | |
|---|---|
| **Primary Contact:** | Tami Fortier-Gomez<br>Fox Entertainment Group, Inc.<br>2121 Avenue Of The Stars<br>Suite 700<br>Los Angeles, CA 90067 |
| **Entity:** | MySpace, Inc.<br>Entity ID Number  2406469 |
| **Entity Served:** | Myspace, Inc. |
| **Title of Action:** | Michael Crisswell vs. Myspace, Inc. |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Other |
| **Court:** | Cook County  Circuit Court, Illinois |
| **Case Number:** | 08CH05929 |
| **Jurisdiction Served:** | Delaware |
| **Date Served on CSC:** | 02/18/2008 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Plaintiff's Attorney:** | Myles McGuire<br>312-589-6370 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

csl

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

(Name all parties)

Crisswell, Michael

v.

MySpace, Inc.

No. 08CH05929

## SUMMONS

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room 802, Chicago, Illinois 60602

☐ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

☐ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

☐ District 4 - Maywood
1500 Maybrook Ave.
Maywood, IL 60153

☐ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60426

☐ Child Support
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 44146
Name: Myles McGuire
Atty. for: Plaintiff
Address: 53 West Jackson Boulevard, Ste. 1530
City/State/Zip: Chicago, Illinois 60604
Telephone: (312) 589-6370
Service by Facsimile Transmission will be accepted at: _____

WITNESS, FEB 15 2008

Clerk of Court
DOROTHY BROWN
Date of service: _____
(To be inserted by officer on copy left with defendant or other person)

(Area Code) (Facsimile Telephone Number)

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

(Rev. 12/4/00) CCCH 0623

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT /CHANCERY DIVISION

Crisswell, Michael
                                                    Plaintiff
                        v.                                              Case No. 08CH05929

MySpace, Inc.
                                                    Defendant

CHANCERY DIVISION CIVIL COVER SHEET

A Chancery Division Civil Cover Sheet shall be filed with the initial complaint in all actions filed in the Chancery Division. The information contained herein is for Administrative purposes only and shall not be introduced into evidence. Please check the box in front of the appropriate category which best characterizes your action being filed.

005 _____ Administrative Review
006 _____ Change of Name
001 ✓ Class Action
002 _____ Declaratory Judgment
004 _____ Injunction
008 _____ Mechanic's Lien
003 _____ Mortgage Foreclosure

007 _____ General Chancery
    _____ Accounting                          _____ Partition
    _____ Arbitration Awards                  _____ Quiet Title
    _____ Certiorari                          _____ Quo Warranto
    _____ Dissolution of Corporation          _____ Redemption Rights
    _____ Dissolution of Partnership          _____ Reformation of a Contract
    _____ Equitable Lien                      _____ Rescission of a Contract
    _____ Interpleader                        _____ Specific Performance
    _____ Mandamus                            _____ Trust Construction
    _____ Ne Exeat                            _____ Other _____

                                    By: _____
                                           Attorney              Pro Se
Atty. No.: 44146
Name: KamberEdelson, LLC
Atty. for: Plaintiff
Address: 53 West Jackson Boulevard, Ste. 1530
City/State/Zip: Chicago, Illinois 60604
Telephone: (312) 589-6370

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

MICHAEL CRISSWELL, individually and on behalf of a class of similarly situated individuals, )
)
)
Plaintiff, )
)
v. )
)
MYSPACE, INC., a Delaware corporation, )
)
)
Defendant. )
------------------------------------------------x

No. 08CH05929

**Jury Trial Demanded**

## CLASS ACTION COMPLAINT

Plaintiff Michael Crisswell brings this class action complaint against Defendant MySpace, Inc. ("MySpace") to stop defendant's practice of transmitting unauthorized text messages to the wireless devices of consumers nationwide, and to obtain redress for all persons injured by its conduct. Plaintiff, for his class action complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## NATURE OF THE CASE

1. In an on-going effort to attract users to its website, MySpace, a social networking company that has gained popularity by linking students and other groups through its website, engaged in a mobile marketing service. Through this service, members can, with a few clicks of the computer mouse, have MySpace send text messages to the cellular telephones of virtually any person, irrespective of whether such person has consented to receive such text messages.

2. Through intentional design or gross negligence, MySpace's system has a significant flaw: the system sends text messages to the cell phone numbers entered by a

1

particular member, without regard to whether the recipient wants to receive the text messages. Further, because MySpace refuses to tell recipients how to opt-out of receiving future text messages, MySpace's system has become a safe haven for spammers.

3. MySpace's system has created a number of significant problems. First, individuals' privacy rights are being compromised. Cell phone users are now being bombarded with invitations to parties by people they do not know, requests to be designated a "friend" on MySpace's website, and other often obscure, graphic and adult-oriented messages. These text messages come during all times of the day or night and because the senders are often hard to identify, can be seen as intimidating, unsettling and even threatening.

4. Additionally, recipients of these text messages invariably pay to receive these text messages, even though they are completely unauthorized and unwelcome.

5. In order to redress these injuries, Plaintiff brings suit seeking, *inter alia,* monetary damages and injunctive relief.

## PARTIES

6. Plaintiff Michael Crisswell is a citizen of Illinois.

7. Defendant MySpace, Inc. is an online social networking company that distributes "mobile content," such as user-generated blog entries, friend requests, news and other data (collectively, "content") to cellular telephones. MySpace is a Delaware corporation with its headquarters and principal place of business in California. It does business throughout the country and this County.

## VENUE

8. Venue is proper in Cook County because Defendant does business in Cook County.

## CONDUCT COMPLAINED OF

9. In recent years, as social-networking has grown increasingly popular on the internet, many companies in the industry have released mobile versions of their service ("Mobile Service") which involve the transmission of user-created content in the form of text messages to fellow users and others exclusively through their cellular telephones.

10. In or about 2006, Defendant MySpace developed such a system it called MySpace Mobile.

11. Defendant's Mobile Service employs technology known as Short Message Services ("SMS"), which is a content delivery system that allows owners of wireless devices, such as cellular telephones, to send and receive short text messages, usually limited to 160 or so characters.

12. Defendant's Mobile Service works primarily by converting messages posted by users on the MySpace website into commercial SMS text messages which MySpace then automatically transmits to cellular telephones. In so doing, MySpace exercise controls over the text messages by, inter alia, changing both their format and content before transmission.

13. In order to obtain the necessary technical expertise and billing relationships required to operate its Mobile Service, MySpace, by itself or through its agents such as m-Qube, Inc., partnered with traditional cellular telephone carriers.

14. MySpace and/or its partners profit from the Mobile Service by charging the recipient a fee for the transmission of each item of mobile content. Such fee varies in amounts but ranges around $0.15 that the recipient must pay for the receipt of each text message sent by MySpace. Recipients are charged such fees even if they did not consent to receive such text messages. Defendant and its partners levy additional fees for mobile content that appear on consumers' cellular telephone bills as separate line item charges. Many of these charges are similarly unauthorized.

15. In addition to such fees, MySpace's text message content causes wireless devices to slow down, takes up bandwidth over a wireless connection, uses up the memory of the device, and frustrates cell phone users. The unauthorized spam decrease productivity by requiring that hours be spent on figuring out how to stop the content from being placed on one's wireless device and how to get the content off one's cell phone. The cumulative impact of not only multiple unwanted text messages, but also the threat of their continued receipt, impedes the use of wireless devices.

16. MySpace provides no safeguard to ensure that recipients are not receiving and paying for text messages they did not authorize.

17. As a consequence, due in part to its vast user base (in excess of 100 million users), MySpace has transmitted mass amounts of unauthorized mobile content to the nation's cellular telephone consumers since instituting its Mobile Service.

18. If MySpace wanted to protect the public from receiving unauthorized text messages, it could do so in an instant by, for example, ensuring that each text message effectively identifies the member associated with such message and by providing a clear and conspicuous manner for recipients to opt-out of receiving future text messages.

## THE FACTS RELATING TO THE NAMED PLAINTIFF

19. In or about 2003, Plaintiff purchased new cell phone service for his personal use from an established cellular telephone carrier and partner in Defendant's mobile service.

20. On that same day, in exchange for a cellular telephone service plan, Plaintiff agreed to pay a monthly fee for a period of approximately 12 months.

21. Beginning on or about October 2007 and continuing through about December 2007, Plaintiff's cell phone account was charged repeatedly for receiving well over one hundred

text messages from Defendant. For instance, on or about December 2007, Plaintiff received such mobile content in the form of the following text messages from Defendant:

> "MSG: MySpace friend request
> I aint doing this shit for no stand n [sic] ovation
> would like to be added as one of your friends!"

> "MSG: MySpace Message
> Reggie Dub present amatuer night at da soft touch!"

22. At no time did Plaintiff consent to Defendant's sending of text messages to his cellular telephone.

23. Despite repeated attempts over several weeks that consumed dozens of man-hours, Plaintiff was unable to find any clear way to opt-out of receiving future text messages from Defendant.

## CLASS ALLEGATIONS

24. Plaintiff brings this action on behalf of himself and a class ("Class") and Sub-Class, defined as follows:

(A) A Class ("Class") consisting of all wireless telephone subscribers in the nation who suffered losses or damages as a result of incurring charges on their cellular telephone bills from or on behalf of Defendant MySpace not authorized by the subscriber; provided, however, that the following are excluded from this proposed Class: (i) the Defendant, and (ii) any employee of a defendant.

(B) A Sub-Class ("Sub-Class") consisting of all members of the Class residing in the State of Illinois.

25. The claims of Plaintiff are typical of the claims of all of the other members of the Class and Sub-Class.

26. Plaintiff will fairly and adequately represent and protect the interests of the other members of the classes. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the classes, and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to those of the other members of the classes.

27. Absent a class action, most members of the classes would find the cost of litigating their claims to be prohibitive, and will have no effective remedy. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication.

28. Defendant has acted and failed to act on grounds generally applicable to the plaintiff and the other members of the classes, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the classes.

29. The factual and legal bases of Defendant's liability to Plaintiff and to the other members of the classes are the same, resulting in injury to the Plaintiff and to all of the other members of the classes. Plaintiff and the other members of the classes have all suffered harm and damages as a result of Defendant's unlawful and wrongful conduct.

30. There are many questions of law and fact common to the claims of Plaintiff and the other members of the classes, and those questions predominate over any questions that may affect individual members of the classes. Common questions for the Class include but are not limited to the following:

(a) Whether Defendant tortiously interfered with contracts between Plaintiff and the Class, on the one hand, and their wireless carriers, on the other hand, by causing them to be charged for products and services by their carrier that were unauthorized.

(b) Whether Defendant has unjustly received money belonging to Plaintiff and the Class and whether under principles of equity and good conscience, Defendant should not be permitted to retain it;

(c) Whether MySpace transmission of unauthorized content to the wireless devices of Plaintiff and the Class amounts to trespass to chattels;

(d) Whether Defendant's transmission of unauthorized content to the wireless devices of Plaintiff and the Class amounts to invasion of privacy.

31. Common questions for the Sub-Class include:

(a) Whether MySpace's conduct described herein is computer tampering in Violation of 720 ILCS 5/16D-3;

(b) Whether MySpace's conduct described herein violates the Illinois Consumer Fraud and Deceptive Business Practices Act.

**COUNT I**
**(Tortious Interference with a Contract on behalf of the Class)**

32. Plaintiff incorporates by reference the foregoing allegations.

33. Plaintiff and the Class had contractual relationships with their wireless carriers whereby they agreed to pay a certain sum of money in exchange for activation of their cellular telephone accounts and their carriers' promise to provide various communication and related services to Plaintiff and the Class and to bill Plaintiff and the Class only for products or services the purchase of which they had authorized.

7

34. Defendant knew of said contractual relationships and intended to and did induce a breach or disruption of the contractual relationships.

35. Defendant intentionally interfered with said contractual relationships through improper motives and/or means by knowingly and/or recklessly continually causing to be placed on the cellular telephone bills of cellular telephone owners across the nation unauthorized charges.

36. Plaintiff and the Class suffered loss as a direct result of the conduct of Defendant.

## COUNT II
### (Restitution/Unjust Enrichment on behalf of the Class)

37. Plaintiff incorporates by reference the foregoing allegations.

38. A benefit has been conferred upon Defendant by Plaintiff and the Class. Defendant has received and retains money belonging to Plaintiff and the Class resulting from its billing and collecting of a significant sum in unauthorized mobile content charges, advertising revenue and related earnings.

39. Defendant appreciates or has knowledge of said benefit.

40. Under principles of equity and good conscience, Defendant should not be permitted to retain the money belonging to Plaintiff and the Class which it has unjustly received as a result of its actions.

## COUNT III
### (Trespass to Chattels on behalf of the Class)

41. Plaintiff incorporates by reference the foregoing allegations.

42. At all relevant times, Defendant and/or its agents intentionally and without consent, gained access to Plaintiff's wireless handset and the handsets of the class, used Plaintiff's wireless handset and the handsets of the class, occupied memory of these handsets,

and/or dispossessed Plaintiff and the members of class of unencumbered access to their wireless handsets.

43. In so doing, Defendant intentionally intermeddled with, damaged, and deprived Plaintiff and the class of their wireless handsets, or a portion thereof.

## COUNT IV
### (Invasion of Privacy on behalf of the Class)

44. Plaintiff incorporates by reference the foregoing allegations.

45. Wireless handsets provide users with apparent seclusion, solitude and privacy.

46. MySpace intentionally intruded upon the solitude and seclusion of Plaintiff and the class by invading the privacy of wireless handset use through its transmission of unauthorized mobile content to such handsets.

47. The invasion by MySpace would be highly offensive to a reasonable person and damaged Plaintiff and the members of class.

48. Likewise, by causing charges based on unauthorized products and services, MySpace wrongfully appropriated Plaintiff's and the members of class's personalty for commercial use.

## COUNT V
### (Computer Tampering in Violation of 720 ILCS 5/16D-3 on behalf of the Sub-Class)

49. Plaintiff incorporates by reference the foregoing allegations.

50. The cellular phones owned by Plaintiff and the other class members are sophisticated electronic devices which accept, process, store, retrieve and output data, and contain many (if not most) of the same capabilities and equipment as traditional desktop

computers (in addition to cellular radio signal processing technology). These cellular phones are computers under the definition of 720 ILCS 5/16D-2(a).

51. Likewise, the mobile content alleged in this Complaint is a program under the definition of 720 ILCS 5/16D-2(b); a series of coded instructions or statements accepted by class members' cellular phones, which cause the computer to process data and supply the results of the data processing (by, inter alia, displaying the mobile content).

52. Plaintiff and the other class members' cellular service will be terminated unless they pay additional fees for the receipt of the unauthorized mobile content, whether they authorized that mobile content or not. Through the conduct alleged above, Defendant violates 720 ILCS 5/16D-3(a)(4) by knowingly participating in and/or facilitating the insertion of mobile content into class members' cellular phones without the permission of the cellular phones' respective owners, knowing and/or having reason to believe that the insertion of the unauthorized mobile content will or may cause loss to the users of that cellular phone.

53. Plaintiff and the other class members are damaged by those violations. Defendant's violations of 720 ILCS 5/16D-3(a)(4) cause the Plaintiffs and the other class members to pay charges for mobile content services to which they did not consent. Defendant's violations of 720 ILCS 5/16D-3(a)(4) further damage Plaintiffs and other class members by causing them to pay falsely inflated cellular telephone bills to their cellular telephone carriers, as well as the lost time required to sort, read, discard and attempt to prevent future charges for unwanted mobile content services, and lost storage space, connectivity, and computing resources on the cellular phones.

54. Plaintiff, on his own behalf and behalf of the other class members, seeks appropriate relief (including damages in an amount to be determined at trial, and injunctive relief

or other equitable relief, such as an accounting, and disgorgement of fees obtained while these violations were ongoing), as well as reasonable attorney's fees and other litigation expenses, against Defendant under 720 ILCS 5/16D-3(c).

## COUNT V
### (Violations of the Illinois Consumer Fraud and Deceptive Business Practices Act on Behalf of the Sub-Class)

55. Plaintiff incorporates by reference the foregoing allegations.

56. Section 2 of the Illinois Consumer Fraud and Deceptive Business Practices Act ("CFA") declares unlawful "any [u]nfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce . . . whether any person has in fact been misled, deceived or damaged thereby."

57. Defendant violated, and continues to violate this proscription through its conduct alleged above, as set forth above.

58. Defendant, through its acts of unfair competition, has obtained money from Plaintiff and members of the proposed class. Plaintiff and the members of the class asked that this Court restore this money to Plaintiff and enjoin Defendant from continuing its illegal practices.

59. Such conduct is ongoing and continues to this date. Plaintiff, the class members and the general public are therefore entitled to the relief described herein.

WHEREFORE, Plaintiff Michael Crisswell, on behalf of himself, the Class and Sub-Class, prays for the following relief:

11

a. Certify this case as a class action on behalf of the Classes as defined above and appoint Michael Crisswell Class Representative, and appoint, KamberEdelson, LLC as lead counsel;

b. Enter judgment against MySpace for all economic, monetary, actual, consequential, and compensatory damages caused by its conduct, and if its conduct is proved willful, award Plaintiff and the Class exemplary damages;

c. Enter judgment against MySpace for all economic, monetary, actual, consequential, and compensatory damages caused by its conduct;

d. Award Plaintiff and the Classes reasonable costs and attorneys' fees;

e. Award Plaintiff and the Classes pre- and post-judgment interest;

f. Enter judgment for injunctive, statutory and/or declaratory relief as is necessary to protect the interests of Plaintiff and the Classes; and

g. Award such other and further relief as equity and justice may require.

## JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

February 15, 2008

Michael Crisswell, individually and on behalf of a class of similarly situated individuals

_____
One of his attorneys

Jay Edelson
Myles McGuire
Steven Lezell
KAMBEREDELSON, LLC
53 West Jackson Boulevard
Suite 1530
Chicago, Illinois 60604
Telephone: (312) 589-6370
Firm ID: 44146