UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MICHAEL CRISSWELL, individually and on behalf of a class of similarly situated individuals, )
)
)
)
Plaintiff, )
) No. 08-cv-01578
)
v. ) Judge Milton Shadur
)
)
MYSPACE, INC., a Delaware corporation, )
)
Defendant. )
)
)

**PLAINTIFF'S MOTION TO REMAND**

Plaintiff Michael Crisswell, through his counsel, respectfully moves this Court to remand Defendant's removal of Plaintiff's complaint, and in support thereof states the following:

1. Pursuant to the provisions of 28 U.S.C. § 1447(c), Plaintiff moves to have this case remanded to the Circuit Court of Cook County, Illinois. Defendant's removal of this case to this Court was improper and contrary to well-established law. This Court lacks subject-matter jurisdiction over the case and should accordingly be remanded with attorney's fees awarded to Plaintiff.

2. The burden is on Defendant to show by a preponderance of the evidence that removal is proper, and as is set forth in Plaintiff's contemporaneously-filed Memorandum In Support Of Plaintiff's Motion To Remand, it has failed to sustain that burden. Among other reasons, Defendant fails to satisfy its burden of proving that claimed damages are in excess of $5 million as required for CAFA removal, and, as a matter of law, Defendant cannot rely upon 28 U.S.C. § 1367(a) to support jurisdiction in this Court.

3. Plaintiff incorporates herein by reference his Memorandum In Support Of Plaintiff's Motion To Remand.

WHEREFORE, it is respectfully requested that this Court remand this action to the Circuit Court of Cook County, Illinois, from where it was improperly removed, and that the Court award Plaintiff his attorney's fees and such further or additional relief as the Court deems appropriate.

Dated: April 25, 2008

Respectfully submitted,

KamberEdelson, LLC

By: /s/ Myles McGuire
MYLES MCGUIRE
One of the Attorneys for Michael
Crisswell, individually and on behalf of a
class of similarly situated individuals

JAY EDELSON
MYLES MCGUIRE
STEVEN LEZELL
KAMBEREDELSON, LLC
53 West Jackson Boulevard, Suite 550
Chicago, Illinois 60604
Telephone: (312) 589-6370
Facsimile: (312) 873-4610

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL CRISSWELL, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>MYSPACE, INC., a Delaware corporation,<br><br>Defendant. | )<br>)<br>)<br>)  No. 08-cv-01578<br>)<br>)  Judge Milton Shadur<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**NOTICE OF MOTION**

TO:   Blaine C. Kimrey
      David R. Gerdes
      Sonnenschein, Nath & Rosenthal, LLP
      233 South Wacker Drive
      Sears Tower
      Chicago, IL 60606
      (312) 876-3175
      Email: bkimrey@sonnenschein.com
      Email: dgeerdes@sonnenschein.com

On May 6, 2008, at 9:15 a.m. or as soon thereafter as counsel may be heard, I shall appear before the Honorable Milton Shadur or any Judge sitting in his stead, in the courtroom usually occupied by him, located in Courtroom 2303 at the United States District Court, Northern District of Illinois, 219 South Dearborn Street, Chicago, Illinois, 60604 and present Plaintiff's Motion to Remand, a copy of which is hereby served upon you.

Myles McGuire, Attorney for Plaintiff          (312) 589-6370
KamberEdelson, LLC                              (312) 873-4610 (Fax)
53 West Jackson Boulevard, Suite 1530           mmcguire@kamberedelson.com
Chicago, Illinois 60604

## CERTIFICATE OF SERVICE

Myles McGuire, an attorney, hereby certifies that he served Plaintiff's Motion to Remand upon the person(s) to whom the preceding Notice of Motion is addressed by electronic transmission before 5:00 p.m. on April 18, 2008.

By: /s/ Myles McGuire
Myles McGuire

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL CRISSWELL, individually and on behalf of a class of similarly situated individuals,<br><br>    Plaintiff,<br><br>v.<br><br>MYSPACE, INC., a Delaware corporation,<br><br>    Defendant. | )<br>)<br>)<br>)  No. 08-cv-01578<br>)<br>)  Judge Milton Shadur<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO REMAND**

Defendant MySpace argues that this Court has removal jurisdiction because: (1) the amount in controversy exceeds $5,000,000, i.e. the threshold amount necessary for jurisdiction under the Class Action Fairness Act ("CAFA"); and, purportedly, (2) the Controlling the Assault of Non-Solicited Pornography and Marketing Act ("CAN-SPAM") completely preempts Crisswell's Illinois statutory claims. MySpace is wrong on both fronts.

**STATEMENT OF FACTS**

Plaintiff Crisswell brings this putative class action to stop MySpace's practice of transmitting unauthorized text messages to consumers' wireless devices. MySpace operates a social networking website. Comp., ¶7. One feature of its website, "MySpace Mobile", allows users to send text messages to the wireless devices of virtually any person. Comp, ¶¶1-2, 10-11. Through MySpace Mobile, MySpace converts messages posted on its website into text messages, which it then transmits to recipients' wireless devices. Comp., ¶12. MySpace and/or its billing

partners profit from this service by charging recipients a fee—around $.15—for each text message received. Comp. ¶¶13-14.

As detailed in the Complaint, Crisswell and the class members have received unintended and/or unauthorized text messages through MySpace Mobile's system, resulting in unlawful charges to their cellular phone accounts. Comp., ¶¶ 2, 14-15. MySpace compounds the problem by refusing to inform customers of how they may opt out of receiving such unwanted messages in the future. Comp., ¶15.

Crisswell alleges common law claims for tortuous interference with contract, restitution/ unjust enrichment, trespass to chattels, and invasion of privacy. He also brings suit on behalf of a sub-class of Illinois residents for violations of Illinois's Computer Tampering Act, 720 ILCS 5/16D-3 and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505.

## ARGUMENT

**A.    Defendant has not met its burden of demonstrating that CAFA jurisdiction applies.**

CAFA provides, in relevant part, that "the district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs," there are at least 100 members of the putative class, and at least one member of the putative class is a citizen of a state different from the defendant. 28 U.S.C. § 1332(d). In this case, removal jurisdiction does not exist under CAFA because Defendant has not met its burden of demonstrating that in excess of $5,000,000 is at stake.

It is well established that MySpace, as the proponent of federal jurisdiction, bears the burden of establishing removal jurisdiction, and CAFA has not shifted this burden. *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 447-448 (7th Cir. 2005). Moreover, removal statutes are to be "construed narrowly and any doubts about the propriety of removing a

particular action should be resolved against allowing removal." *Wirtz Corp. v. United Distillers & Vintners N. Am., Inc.*, 224 F.3d 708, 715-16 (7th Cir. 2000).

"What the proponent of jurisdiction must 'prove'" to establish removal jurisdiction is "contested factual assertions" which would lead to the conclusion that in excess of $5,000,000 is at stake. *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541-42 (7th Cir. 2006). The *Meridian* court provided a non-exhaustive list of competent proofs a proponent of federal jurisdiction might use to establish jurisdiction, such by admissions in state court, calculations based on the complaint's allegations, or by introducing affidavits from the defendant's employees or experts. *Id.* at 541-42. "A *good-faith estimate* of the stakes is acceptable if it is *plausible* and supported by a preponderance of the evidence." *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006) (emphasis added).

Ignoring these standards, MySpace asks the Court to simply accept on faith that this threshold has been met because "if each MySpace user received only one unauthorized text message," there would be over $5,000,000 at stake. Not. of Removal, ¶17. MySpace's argument is specious.

Nowhere in Crisswell's complaint does he allege that every MySpace member is a MySpace Mobile user, let alone that each MySpace Mobile user received an unauthorized text message.[1] Indeed, the only relevant questions are (a) how many individuals received unauthorized text messages from MySpace and (b) how many such text messages did they

---

[1] MySpace attempts to argue around this point by referring to Crisswell's allegations that his claims are typical of the class. Yet, because his class is limited to people who received unauthorized text messages (Compl., ¶24) – as opposed to anyone who joined MySpace – its argument is simply a non-sequitor.

3

receive in total. Even though it has information that would answer these questions, MySpace stands silent.[2]

Because Defendant bears the burden of showing by a preponderance of the evidence that in excess of $5,000,000 is at stake but has failed to provide any information to show that in over $5,000,000 is at stake, removal jurisdiction does not exist under 28 U.S.C. § 1332(d).

B. **This Court does not have removal jurisdiction under any theory of complete preemption because Crisswell's computer tampering and consumer fraud claims fall outside the CAN-SPAM Act's preemption clause.**

Taking cases out of context and straining credibility, MySpace argues this Court also has removal jurisdiction because, the CAN-SPAM Act supposedly completely preempts Crisswell's two Illinois statutory claims so as to transform them into federal questions. (Def. Not. of Removal §§ 23-25). The problem for MySpace is that CAN-SPAM's limited preemption clause demonstrates that the opposite is true.

Complete preemption serves as a basis for removal jurisdiction only where a federal statute "wholly displaces" a cause of action under state law. *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 8 (2003); *see also Rogers v. Tyson Foods, Inc.*, 308 F.3d 785, 791 (7th Cir. 2002) (complete preemption triggers removal; ordinary preemption is merely affirmative defense to state court action). The critical factor in applying complete preemption "focuses on whether Congress intended the federal cause of action to be exclusive." *Beneficial Nat. Bank*, 539 U.S. at 9; *see also Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 67-68 (1987) (Brennan, J.,

---

[2] As a throw-away argument buried in a footnote, MySpace also points out that counsel for Crisswell represented a litigant who alleged that the damages caused by Facebook (an unrelated social networking site) exceeded $5,000,000. *See* Notice of Removal, ¶18 and n.1. That fact is irrelevant, of course, as this is a different case involving a different plaintiff, a different defendant, and a different set of allegations.

concurring) (removal jurisdiction exists only where "Congress has clearly manifested an intent to make causes of action…removable to federal court").

By its own terms, the CAN-SPAM Act reveals that Congress did not intend to preempt cases such as Crisswell's computer tampering and consumer fraud claims. The CAN-SPAM Act is self-limiting and only supersedes:

> (1) any statute, regulation, or rule of a State or political subdivision of a State that expressly regulates the use of electronic mail to send commercial messages, except to the extent that any such statute, regulation, or rule prohibits falsity or deception in any portion of a commercial electronic mail message or information attached thereto.

Further, the statute shall not be construed to preempt the applicability of:

> (2)(A) State laws that are not specific to electronic mail, including State trespass, contract, or tort law; or
> (B) other State laws to the extent that those laws relate to acts of fraud or computer crime.

15 U.S.C. § 7707(b)(1) and (2).[3]

**1. Both of Crisswell's statutory claims are beyond the scope of CAN-SPAM preemption.**

Both of Crisswell's statutory claims fall within CAN-SPAM's savings clause and, as such, are not preempted.

Indeed, the Computer Crime Prevention Law, 720 ILCS 5/16D-3(a)(4) imposes civil and criminal penalties where a perpetrator:

---

[3] See also *Free Speech Coalition, Inc. v. Shurtleff*, No. 2:05CV949DAK, 2007 U.S. Dist. WL 922247 at *1-2, 7-10 (D. Utah May 23, 2007) (no preemption where state law concerned computer crime); *Gordon v. Impulse Marketing Group, Inc.*, 375 F. Supp. 2d 1040, 1045-46 (E.D. Wash. 2005) (no preemption of Washington statute prohibiting "falsity and deception" in sending email, or under state general consumer protection statute); *Beyond Systems, Inc. v. Keynetics, Inc.*, 422 F. Supp. 2d 523, 537-38 (D. Md. 2006) (CAN-SPAM did not preempt Maryland statute regulating false or misleading email).

> Inserts or attempts to insert a "program" into a computer or computer program knowing or having reason to believe that such "program" contains information or commands...that will or may cause loss to the users of that computer or the users of a computer which accesses or which is accessed by such "program"[.]

In contrast to, say, the Illinois Electronic Mail Act, 815 ILCS 511/1 *et. seq.*,[4] this statute is not specific to electronic mail; therefore, CAN-SPAM § 7707(b)(2)(A) blocks preemption. Further, the law is designed to combat computer crime, meaning the statute also fits squarely into the preemption exception of Section 7707(b)(2)(B).[5]

Likewise, CAN-SPAM does not preempt the Illinois Consumer Fraud Act, "a regulatory and remedial statute intended to protect consumers, borrowers, and business people against fraud, unfair methods of competition, and other unfair and deceptive business practices." *Johnson v. Matrix Financial Services Corp.*, 354 Ill. App. 3d 684, 820 N.E.2d 1094 (1st Dist. 2004) (*citing Robinson v. Toyota Motor Credit Corp.*, 201 Ill. 2d 403, 416-17 (2002). Given the breadth of this Act, the Consumer Fraud Act does not "*expressly regulate[] the use of electronic mail to send commercial messages*" (§ 7707(b)(1)), is not "specific to electronic mail" (§ 7707(b)(2)(A)), but rather relates generally "to acts of fraud." (§ 7707(b)(2)(B)). Crisswell's Consumer Fraud Act claim is not premised on an otherwise completely preempted statute. According to its own terms, then, CAN-SPAM preempts neither of Crisswell's claims so as to

---

[4] It is worth noting the Electronic Mail Act would not suffer complete preemption either, at least to the extent it prohibits falsity or deception in email. *See* 815 ILCS 511/10(a) (prohibiting false or misleading email subject lines).

[5] In a rather bizarre act of slight-of-hand, MySpace argues that Crisswell's only potential computer tampering claim is stated under Section 16D-3(b)(4), a provision that specifically addresses unsolicited bulk email (and therefore, according to MySpace, is ripe for preemption). This is a red herring, as Crisswell does not purport to bring a cause under that section. Nevertheless, the argument still fails. Appropriately reading sections 16D-3(a) and (b) together (since subsection (a) defines the violations and subsection (b) imposes the "sentence[s]" for those violations), the statute prohibits "falsif[ication] or forge[ry]" in connection with the transmission of unsolicited electronic mail—thus taking the irrelevant Section 16D-3(b)(4) out of CAN-SPAM preemption as well.

6

trigger federal removal jurisdiction.

2. **None of the Defendants' legal authority suggests preemption is appropriately found here.**

MySpace's cases do not consider whether the CAN-SPAM Act completely preempts *all* state regulation of electronic mail; rather, each consider claims brought under state statutes that specifically pertain to electronic mail and/or lack the deception element. For example, in *Omega World Travel, Inc. v. Mummagraphics, Inc.*, 469 F.3d 348, 353-357 (4th Cir. 2006) the court found preemption appropriate where the claims under Oklahoma state law were based on immaterial errors in electronic mail, not the falsity or deception contemplated by the CAN-SPAM Act. Likewise, in *Facebook, Inc. v. ConnectU LLC*, 489 F. Supp. 2d 1087, 1090-95. (N.D. Cal. 2007) the court found preemption where the state statutory claims were specific to electronic mail and did not require an element of falsity or deception.

Similarly, *Kleffman v. Vonage Holdings Corp.*, No. CV 07-2406GAFJWJX, 2007 WL 1518650 at **1-3 (C.D. Cal. May 23, 2007) is of no help to MySpace. There, the plaintiff brought a claim under state statute specific to electronic mail but failed to allege the defendant's email contained false or misleading information. The *Kleffman* Court emphasized that *if* the state statute at issue had provided a cause of action that did not require an element of false or misleading information, that cause of action would have been preempted under CAN-SPAM Act. Also, *Gordon v. Virtumundo, Inc.*, No. 06-0204-JCC, 2007 U.S. Dist. WL 1459395 at **9-13 (W.D. Wash. May 15, 2007) is inapposite since the claims at issue were brought under a state statute specific to electronic mail that did not involve falsity or deception.

Finally, without any hint of explanation, MySpace likens the CAN-SPAM Act's purported preemptive effect on bulk electronic mail to issues ranging from the Labor-Management Relations Act's ("LMRA") effect on collective bargaining to the Nonintercourse

7

Act's effect on American Indian land grant rights. (Def. Not. of Removal § 26).

Four of the five statutes cited by MySpace, however, were intended (either explicitly or implicitly) to preempt all related state claims as opposed to a subset like with CAN-SPAM. *See Beneficial Nat. Bank*, 539 U.S. at 9 (*citing Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987) and *Avco Corp. v. Aero Lodge No. 735, Intern. Ass'n of Machinists and Aerospace Workers*, 390 U.S. 557 (1968) *Gaming Corp. of America v. Dorsey & Whitney*, 88 F.3d 536, 545-7 (8th Cir. 1996) *Oneida Indian Nation of N. Y. State v. Oneida County, New York*, 414 U.S. 661, 667 (1974). The fifth statute-- the Federal Communications Act – is admittedly more similar to CAN-SPAM, in that its preemption clause is specifically limited to only certain issues. *See City of Chicago v. Comcast Cable Holdings, L.L.C.*, 384 F.3d 901, 905 (7th Cir. 2004) (explaining that the FCA "leaves to state law most questions about the regulation and taxation of cable TV franchises.") MySpace, though, fails to explain why the fact that the two statutes bear some similarity is of any help to its argument. No explanation is apparent to Plaintiff either.

C.  **Plaintiff is entitled to an award of attorneys' fees.**

The Plaintiff respectfully requests attorneys' fees and costs as MySpace's has failed to provide a reasonably objective basis for removal. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 142 (2005); *Lott v. Pfizer, Inc.*, 492 F.3d 789, 793 (7th Cir. 2007).

Respectfully submitted,

Dated: April 25, 2008

By:/s/ Myles McGuire
Myles McGuire
One of the Attorneys for Michael
Crisswell, individually and on behalf of a
class of similarly situated individuals

## CERTIFICATE OF SERVICE

I certify I have this 25th day of April, 2008 served a copy of the within and foregoing Plaintiff Crisswell's Motion to Remand upon all parties to this matter by electronic delivery to the following:

**Attorneys for Defendant MySpace**
Blaine C. Kimrey
David R. Gerdes
Sonnenschein, Nath & Rosenthal, LLP
233 South Wacker Drive
Sears Tower
Chicago, IL 60606
(312) 876-3175
Email: bkimrey@sonnenschein.com
Email: dgeerdes@sonnenschein.com

By: /s/ Myles McGuire
    Myles McGuire