## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| MICHAEL CRISSWELL, individually and on behalf of a class of similarly situated individuals, )<br>)<br>) | |
| ) | No. 08 CV 01578 |
| Plaintiff,       ) | |
| ) | Judge Milton I. Shadur |
| vs.       ) | Magistrate Judge Sidney I. Schenkier |
| ) | |
| MYSPACE, INC., a Delaware corporation, ) | |
| ) | |
| Defendant.       ) | |
| ) | |

### MYSPACE, INC.'S FED. R. CIV. P. 12(B)(6) MOTION TO DISMISS

Defendant MySpace, Inc., moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss plaintiff Michael Crisswell's Complaint for failure to state a claim upon which relief may be granted. The Court should dismiss Crisswell's claims, with prejudice, because: (1) they are preempted by the CAN-SPAM Act, 15 U.S.C. § 7701, *et seq*. (which provides Crisswell with no cause of action), and/or (2) MySpace is immune from Crisswell's claims under Section 230 of the Communications Decency Act ("CDA"), 47 U.S.C. § 230. In support of its motion, MySpace submits the accompanying supporting memorandum of law and states as follows:

1.	On February 15, 2008, plaintiff Michael Crisswell commenced a putative class action against MySpace, and MySpace removed the case to this Court on March 18, 2008.

2.	On March 20, 2008, the Court granted MySpace's motion for an extension of time to answer or otherwise plead until after the issue of jurisdiction had been resolved.

3.	Crisswell filed a motion to remand that was subsequently withdrawn after the Court indicated that it was going to deny the motion, and the Court granted MySpace's request to file this motion to dismiss on or before June 20, 2008.

4. The *sole wrong* alleged in Crisswell's Complaint is that MySpace is transmitting commercial electronic mail messages without the consent of recipients and without providing a mechanism to opt out of such messages. As such, all of Crisswell's claims should be dismissed as preempted by the CAN-SPAM Act. Furthermore, because the CAN-SPAM Act does not provide a private cause of action for private individual citizens, Criswell cannot save this action by amending his complaint to include a CAN-SPAM Act claim.

5. CDA Section 230 shields interactive computer services such as MySpace from liability for messages sent by third parties, which is precisely the conduct complained of by Crisswell.

WHEREFORE, for the reasons set forth above and in its supporting memorandum, defendant MySpace, Inc., respectfully requests that the Court dismiss Plaintiff's claims with prejudice.

Dated:  June 13, 2008

Respectfully submitted,
MYSPACE, INC.
By:  /s/ David R. Geerdes
     One of its attorneys

Blaine C. Kimrey (ARDC # 6279625)
David R. Geerdes (ARDC # 6289557)
SONNENSCHEIN NATH & ROSENTHAL LLP
7800 Sears Tower
233 South Wacker Drive
Chicago, Illinois  60606
(312) 876-8000

**CERTIFICATE OF SERVICE**

I hereby certify that on June 13, 2008, I electronically filed the foregoing MYSPACE, INC.'S FED. R. CIV. P. 12(B)(6) MOTION TO DISMISS with the Clerk of the Court using the CM/ECF system which will send notification of such filing to registered parties.

    /s/ David R. Geerdes
David R. Geerdes
Attorney for defendant MySpace, Inc.