UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL CRISSWELL, individually and on behalf of a class of similarly situated individuals, )<br>)<br>)<br>Plaintiff,  )<br>)<br>vs.  )<br>)<br>MYSPACE, INC., a Delaware corporation,  )<br>)<br>Defendant.  )<br>) | No. 08 CV 01578<br><br>Judge Milton I. Shadur<br>Magistrate Judge Sidney I. Schenkier |

### MYSPACE, INC.'S MOTION TO STAY DISCOVERY AND EXTEND TIME TO REPLY TO CRISWELL'S MOTIONS

Defendant MySpace, Inc., moves pursuant to Federal Rule of Civil Procedure 26 to stay all discovery pending the resolution of MySpace's motion to dismiss and pursuant to Federal Rule of Civil Procedure 6 to extend MySpace's time to respond to Crisswell's motions for preliminary injunction (and class certification to the extent required for the preliminary injunction) and expedited discovery until 21 days after the resolution of MySpace's motion to dismiss.  The Court should order a stay and extension because granting MySpace's motion to dismiss would dispose of Crisswell's claims completely and a stay of discovery and extension of time to respond would avoid the potentially significant and unnecessary burden, inconvenience, and expense of conducting discovery and briefing Crisswell's motions.  In support of its motion, MySpace states as follows:

1.      On June 11, 2008, Crisswell filed an extensive motion for preliminary injunction that includes what appears to be an expert declaration in support and a motion for expedited discovery that requests leave to serve subpoenas for documents and testimony on six non-parties and take further significant discovery from MySpace and other unspecified non-party partners

and agents.

2. On June 12, 2008, counsel for MySpace contacted counsel for Crisswell in an attempt to meet and confer on the subject of the instant motion. The parties were unable to reach an accord.

3. On June 13, 2008, concurrently with this motion, MySpace filed a fully dispositive motion to dismiss Crisswell's claims with prejudice on two grounds: (1) they are preempted by the CAN-SPAM Act, 15 U.S.C. § 7701, *et seq.* (which provides Crisswell with no cause of action), and/or (2) MySpace is immune from Crisswell's claims under Section 230 of the Communications Decency Act ("CDA"), 47 U.S.C. § 230.

4. If MySpace's motion to dismiss is granted on either of these two independent grounds, the dismissal order would dispose of the case in its entirety and eliminate the need to take evidence for, respond to, or issue rulings on Crisswell's preliminary injunction and expedited discovery motions. As MySpace indicated at the previous status hearing, MySpace brings this motion to avoid the potentially significant and unnecessary burden, inconvenience, and expense of proceeding with discovery, including at least six depositions and potential expert depositions, or briefing the issue of a preliminary injunction with expedited discovery.

5. Federal Rule of Civil Procedure 26(c) allows the district court, upon a showing of "good cause," to "make any order which justice requires to protect a party . . . from annoyance, embarrassment, oppression, or undue burden or expense, including . . . [ordering that] discovery not be had." Fed. R. Civ. P. 26(c). While the filing of a fully dispositive motion does not automatically stay discovery, *Syngenta Seeds, Inc. v. BTA Branded, Inc.*, 2007 WL 3256848 (N.D. Ill. Nov. 1, 2007), trial courts routinely stay discovery pending resolution of dispositive motions where, as here, the motion involves pure issues of law that likely cannot be addressed by

amending the complaint[1] and the discovery would impose significant burdens. *See, e.g., In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 331, 336 (N.D. Ill. 2005) (stating that discovery stays "are granted with substantial frequency" and "[n]umerous cases in this circuit have allowed stays in the face of a Rule 12(b)(6) challenge."); *Sprague v. Brook*, 149 F.R.D. 575, 577-78 (N.D. Ill. 1993) (granting motion to stay discovery pending resolution of motion to dismiss); *Cataldo v. City of Chicago*, 2002 WL 91903, at *2 (N.D. Ill. Jan. 24, 2002) (same); *Cemail v. Viking Dodge, Inc.*, 1997 WL 359962, at *1 (N.D. Ill. Jun. 17, 1997) (same); *cf. Landstrom v. Illinois Dep't of Children & Family Servs.*, 892 F.2d 670, 674 (7th Cir. 1990) (finding district court was correct to stay discovery pending determination of qualified immunity claims).

6. Federal Rule of Civil Procedure 6(b) allows a court, "for good cause," to extend the time to respond to a motion. Fed. R. Civ. P. 6(b). Courts often decide a dispositive motion to dismiss before considering a motion for preliminary injunction, *see, e.g.*, *Independent Coin Payphone Ass'n v. City of Chicago*, 863 F. Supp. 744, 749 (N.D. Ill. 1994) ("Before addressing plaintiffs' motion for preliminary injunction, we will determine whether the various counts state claims upon which relief can be granted."), and have granted extensions of time to respond pending the resolution of a motion to dismiss, *Hexacomb Corp. v. Damage Prevention Prods. Corp.*, 905 F. Supp. 557, 559 (N.D. Ind. 1995) (noting that the court granted the motion to extend). As with a stay of discovery, extending the time to respond to Crisswell's motions until

---

[1] As discussed in more detail in MySpace's motion to dismiss and supporting memorandum, the *sole wrong* alleged in Crisswell's complaint is that MySpace is transmitting commercial electronic mail messages without the consent of recipients and without providing a mechanism to opt out of such messages. As such, all of Crisswell's claims should be dismissed as preempted by the CAN-SPAM Act. And because the CAN-SPAM Act does not provide a private cause of action for individual citizens, Criswell cannot save this action by amending his Complaint to include a CAN-SPAM Act claim. Furthermore, unless Crisswell flatly contradicts the allegations in his Complaint, he cannot escape the fact that MySpace (as an interactive computer service) is immune from his claims under Communications Decency Act Section 230 because the claims arise out of the actions of third party information content providers.

after MySpace's motion to dismiss is resolved will likely avoid significant costs and burdens on the parties and the Court as well as the non-parties Crisswell is seeking to depose.

WHEREFORE, for the reasons set forth above and in its supporting memorandum, defendant MySpace, Inc., respectfully requests that the Court (1) stay all discovery pending resolution of the motion to dismiss; and (2) extend MySpace's time to respond to Crisswell's motions for preliminary injunction (and any related class certification) and expedited discovery until 21 days after the resolution of MySpace's motion to dismiss.

Dated:  June 13, 2008

Respectfully submitted,
MYSPACE, INC.
By:   /s/ David R. Geerdes
One of its attorneys

Blaine C. Kimrey (ARDC # 6279625)
David R. Geerdes (ARDC # 6289557)
SONNENSCHEIN NATH & ROSENTHAL LLP
7800 Sears Tower
233 South Wacker Drive
Chicago, Illinois  60606
(312) 876-8000

- 4 -

**CERTIFICATE OF SERVICE**

I hereby certify that on June 13, 2008, I electronically filed the foregoing MYSPACE, INC.'S MOTION TO STAY DISCOVERY AND EXTEND TIME TO REPLY TO CRISWELL'S MOTIONS with the Clerk of the Court using the CM/ECF system which will send notification of such filing to registered parties.

    /s/ David R. Geerdes
David R. Geerdes
Attorney for defendant MySpace, Inc.